IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexander Bernard Wilson, Jr., <br><br> Petitioner, <br><br> v. <br><br> Warden, Kirkland Correctional Institution, <br><br> Respondent. | C/A No. 5:21-cv-1000-JFA-KDW <br><br><br> **ORDER** |

## I.     INTRODUCTION

The *pro se* petitioner, Alexander Bernard Wilson, Jr. ("Petitioner"), brought this action pursuant to 28 U.S.C. § 2254 for habeas relief. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

After reviewing Defendant's motion for summary judgment (ECF No. 27) and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that summary judgment should be granted and that the petition should be denied. (ECF No. 51). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without recitation.

Petitioner filed objections on February 7, 2022. (ECF No. 54). Respondent replied on February 11, 2022. (ECF No. 55). Thus, this matter is ripe for review.

1

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

## II.     DISCUSSION

As state above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 51). In response to the Report, Petitioner submitted vague and conclusory statements regarding the Magistrate Judge's recommendations on the motion to dismiss and the substantive offenses. (ECF No. 54). As Petitioner is a pro se litigant, this court will construe those statements liberally and will address them separately.

### A.  Subject Matter Jurisdiction

Petitioner objects to the court's jurisdiction over Respondent's motion for summary judgment on his habeas petition because he alleges that the current matter is a duplicative document with a different civil action number. Petitioner avers that a "party have [sic] no right to have two separate action involving the same subject matter, in the same court, at

the same time, against the same defendants." (ECF No. 54). Petitioner's contention regarding the lack of subject matter jurisdiction is incorrect.

Federal habeas corpus jurisdiction exists only if a state prisoner alleges he is in custody in violation of federal laws. 28 U.S.C. § 2254(a). Further, the general rule for habeas jurisdiction is that the petition must be brought in a district court having personal jurisdiction over the petitioner's immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-45, 442 (2004). Here, Petitioner, after exhausting state court remedies, filed a petition for federal habeas corpus relief submitting himself to this Court's personal jurisdiction and creating subject matter jurisdiction in this Court. Petitioner named the appropriate custodian, is in the South Carolina Department of Corrections, and is challenging a South Carolina state court murder conviction and life sentence. Respondent's subsequent motion for summary judgment and return are responsive pleadings to Petitioner's federal habeas petition and in response to the court's order to authorize service of process. (ECF No. 16). These were properly filed pursuant to Rule 4, Rules Governing Section 2254 cases. Therefore, Petitioner's objection on this matter is incorrect and must be overruled.

### B. Substantive Offense as Subject of Objection

Petitioner's second objection relates to the subject matter of the dispute, where Petitioner argues that the Magistrate Judge lacked subject matter jurisdiction because the real dispute of the habeas action is not ineffective assistance of counsel, but rather that Petitioner did not kill his adoptive mother. Petitioner is confusing subject matter jurisdiction with the subject of what the action is about, his murder conviction. Petitioner's objection is purely substantive and therefore must be overruled.

Petitioner states twice in his objections, "Ineffectiveness of Counsel or incompetence of counsel is not the subject. The subject is who killed Elizabeth Sims Wilson, my adopted mother." (ECF No. 54). Petitioner did not raise a claim of actual innocence in his federal petition; however, such a claim would not be cognizable in any event. *See Herrera v. Collins*, 506 U.S. 390, 400 (1983). Petitioner now submits in his objection that this motion is to determine "who actually killed my adoptive mother." This question is outside of the purview of this motion and this Court must rule against Petitioner's objection as this substantive objection has no connection to trial counsel's representation in the matter.

However, because Petitioner is proceeding pro se, the Court will address two points in his objection related to ineffective assistance of counsel claims. Petitioner raises the same ineffective assistance of counsel claims raised and addressed by the post-conviction relief ("PCR") state court. In that claim, Petitioner made an allegation of ineffective assistance of counsel for trial counsel's failure to object to his brother's lay testimony on Petitioner's sanity allegedly being admitted as expert testimony. Under the two-prong *Strickland* test, Petitioner's objection is unavailing. First, Petitioner is unable to show that trial counsel's failure to object was prejudicial. Trial counsel articulated reasons for his decision to not object including that the witness was experiencing trauma from the incident, and that the testimony actually supported counsel's argument that Petitioner was insane to some degree. Under the second prong, Petitioner is unable to show that any prejudice he may have suffered influenced the outcome of the case. The amount of evidence against Petitioner was substantial and trial counsel's decision to not object to the lay witness

testimony as improper expert testimony almost certainly had no consequence on the outcome of the case. Therefore, this cannot amount to ineffective assistance of counsel.

Petitioner also makes a reference to being compelled to testify against himself. Here, he quotes the Report in his objection, "trial counsel testified that his strategy was to argue a defense of insanity and the best way to present that defense to jury have applicant testify why he killed the evil clone impersonating his mother." (ECF No. 54). However, this Court is unable to agree with Petitioner's objection when applying the two-prong *Strickland* test on this contention. Under the first prong, Petitioner's trial counsel articulated a reasonable strategy by explaining the possible ramifications of testifying to Petitioner and that trial counsel still theorized that would be the best way to demonstrate that his client was insane. Further, the court explained the possible ramifications and asked if Petitioner had any questions before he testified. Petitioner stated that he did not and proceeded to testify. Second, Petitioner is unable to show how he was prejudiced by his trial counsel's decision to have Petitioner testify. The amount of evidence that disfavored petitioner was substantial. Additionally, Petitioner's guilt of the substantive offense was never in question during the trial. Moreover, a full review of the Report indicates that the Magistrate Judge correctly concluded that Respondent's motion for summary judgment should be granted.

### III.   CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 51). For the reasons discussed above and in the Report,

Respondent's motion for summary judgment is granted and the Petition is dismissed. Furthermore, all other pending motions in this action are dismissed as moot.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

March 3, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."